UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: FRESH DAIRY PRODUCTS
ANTITRUST LITIGATION (NO. II)             MDL No. 2463


ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, defendants National Milk Producers Federation, Dairy Farmers of America, Inc., Land O'Lakes, Inc., Dairylea Cooperative, Inc., and Agri-Mark, Inc., move to centralize this litigation in the Northern District of California. The motion encompasses four actions, three consolidated actions in the Northern District of California and an action in the Southern District of Illinois, as listed on Schedule A.[1]

Plaintiffs in the actions pending in the Northern District of California support centralization. Plaintiffs in the actions pending in the Southern District of Illinois oppose centralization, arguing that little has changed since the Panel last denied centralization of this litigation. *See In re Fresh Dairy Prods. Antitrust Litig.*, 856 F. Supp. 2d 1344, 1345 (J.P.M.L. 2012). The S.D. Illinois plaintiffs contend that alternatives to centralization remain available to avoid duplicative efforts.

On the basis of the papers filed and hearing session held, we will deny the motion. We have previously recognized that these actions share common factual issues—namely, whether defendants engaged in coordinated efforts to limit the production of raw farm milk, through premature "herd retirements," in order to increase the price of raw farm milk and thereby intentionally inflate the price of dairy products. However, all of the factors weighing against centralization that we discussed in our prior decision in this litigation still exist. *See id.* at 1345.

As a practical matter, this litigation still consists of only two actions. The three Northern District of California actions have been consolidated, and there is only one action remaining in the Southern District of Illinois. Likewise, the classes asserted in these actions do not overlap. The putative statewide classes in the consolidated actions in the Northern District of California consist of indirect purchasers of milk products, whereas the action pending in the Southern District of Illinois is brought on behalf of a putative nationwide class of direct purchasers of such products.

Defendants contend that the plaintiffs in the Southern District of Illinois action are in fact retail purchasers of milk products, and, therefore, the Panel should construe the putative class in the S.D. Illinois action as one on behalf of indirect purchasers of such products. On July 22, 2013,

---

[1] There were five actions listed on defendants' motion to transfer. However, on July 24, 2013, the Honorable G. Patrick Murphy dismissed a second action pending in the Southern District of Illinois for lack of subject-matter jurisdiction.

however, an amended complaint was filed in that action, which joined a new plaintiff that is alleged to have purchased raw milk for processing into dairy products such as yogurt, kefir, butter, cheese, and fluid milk drinks. Regardless, "[t]he framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations." *In re Kauffman Mut. Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L. 1972). Defendants ask that the Panel enter into the thicket of class certification and re-define the putative class of direct purchasers of milk products set forth in the Illinois complaint. We decline to do so.

This litigation, then, remains one with a limited number of actions and non-overlapping putative classes. While the plaintiffs and defendants have sparred regarding the venue of the Southern District of Illinois action, we did not predicate our prior denial of centralization on the transfer of the direct purchaser action to the Northern District of California. Informal cooperation among the involved attorneys and coordination between the involved courts remains practicable and preferable to formal centralization of this litigation. *See In re Boehringer Ingelheim Pharms., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377, 1378-79 (J.P.M.L. 2011). As we have previously observed in similar circumstances, "[n]otices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities." *In re Trans Union LLC Fair Credit Reporting Act (FCRA) Litig.*, MDL No. 2427, __ F. Supp. 2d __, 2013 WL 500845, at *1 (J.P.M.L. Feb. 7, 2013).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

**IN RE: FRESH DAIRY PRODUCTS**
**ANTITRUST LITIGATION (NO. II)**                                  MDL No. 2463

### SCHEDULE A

<u>Northern District of California</u>

Matthew Edwards, et al. v. National Milk Producers Federation, et al.,
    C.A. No. 3:11-04766
Jeffrey Robb, et al. v. National Milk Producers Federation, et al., C.A. No. 3:11-04791
Boys and Girls Club of the East Valley, et al. v. National Milk Producers Federation,
    et al., C.A. No. 3:11-05253

<u>Southern District of Illinois</u>

First Impressions Salon, Inc. v. National Milk Producers Federation, et al.,
    C.A. No. 3:13-00454